John Heenan
Joe Cook
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Phone: (406) 839-9091
Fax: (406) 839-9092
john@lawmontana.com
joe@lawmontana.com

Channing J. Hartellius
P.O. Box 1629
Great Falls, MT 59403-1629
(406) 727-4020
chartellius@mtlawyers.net

Attorneys for Plaintiff

PARK COUNTY CLERK
OF DISTRICT COURT
MOLLY BRADBERRY

2020 OCT 8 PM 1 17

FILED
BY MOLLY BRADBERRY
_____
DEPUTY

## MONTANA SIXTH JUDICIAL DISTRICT COURT,
## PARK COUNTY

| | |
|---|---|
| MAE CAMERON, individually and as representative for a class of similar Montanans, | Cause No. DV 20-158 |
| | Judge |
| Plaintiffs, | |
| and | COMPLAINT AND DEMAND FOR JURY TRIAL |
| THOMSON INTERNATIONAL, INC., | *PUTATIVE CLASS ACTION* |
| Defendant. | |

Plaintiffs, through counsel, submits their Complaint against Defendants as follows:

1. Plaintiff, Mae Cameron ("Plaintiff" or "Cameron"), resides in Park County, Montana.


EXHIBIT B

2. Defendant, Thomson International, Inc. ("Defendant" or "Thomson"), is a for-profit corporation organized and existing under the laws of the State of California, with its principal place of business located at 9852 Buena Vista Blvd., Bakersfield, Kern County, California. Defendant was the manufacturer, supplier, packager, distributor, and/or seller of the food product that is the subject of this action.

## GENERAL ALLEGATIONS

3. In a Food Safety Alert updated on September 1, 2020 by the Centers for Disease Control and Prevention ("CDC"), the CDC warns that the CDC, the U.S. Food and Drug Administration ("FDA"), and public health and regulatory offices of several states and Canada are investigating a multistate outbreak of *Salmonella* infections linked to adulterated food products.

4. According to the CDC, Defendant was identified as the manufacturer, supplier, packager, distributor, and/or seller of the food products linked to this outbreak and issued a recall of red, white, yellow, and sweet yellow onions. The food products were sold in all 50 states, the District of Columbia, and Canada.

5. *Salmonella* infections from this outbreak have been reported from June 19, 2020 to August 12, 2020. As of August 31, 2020, at least 1,012 cases of *Salmonella* infections have been linked to this outbreak, including at least 63 cases in Montana. There have been at least 136 hospitalizations linked to this outbreak.

6. On July 7, 2020, Plaintiff consumed a salad at Chico Hot Springs, 163 Chico Road, Pray, Park County, Montana, 59065, which contained Defendant's recalled food product. At the time, Plaintiff was unaware of any recall.

7. Plaintiff consumed Defendant's recalled food product, unaware of the potential risk of becoming infected by *Salmonella* bacteria. Plaintiff subsequently fell

extremely ill, suffering over a week of diarrhea and vomiting, and was ultimately sent to the emergency room and hospitalized for several days as a result of salmonella exposure.

## CAUSES OF ACTION

### Count 1: Strict Liability under § 27-1-719, MCA

8.  Plaintiff incorporates by reference paragraphs 1-7 herein.

9.  At all times relevant hereto, Defendant was the manufacturer, wholesaler, or retailer of the food product that is the subject of this action.

10. Defendant owed a duty of care to Plaintiff and other consumers to manufacture and sell food products fit for human consumption and free from any defective and unreasonably dangerous condition.

11. Defendant breached its duty of care. At the time the food product left Defendant's control, the food product contained a defective condition – *i.e.*, *Salmonella* bacteria – which was unreasonably dangerous to Plaintiff and other Montana consumers.

12. The food product was expected to, and did indeed reach, Plaintiff without substantial change in the condition in which it was sold.

13. Plaintiff did not discover the defect in the food product, nor was the defect open and obvious.

14. Plaintiff did not make unreasonable use of the food product.

15. Plaintiff suffered injury and damages as a direct and proximate result of her consumption of the defective and unreasonably dangerous food product.

### Count 2: Breach of Warranty under § 30-2-314, MCA

16. Plaintiff incorporates by reference paragraphs 1-15 herein.

17.     Defendant owed an implied warranty that the food product it sold was merchantable.

18.     Defendant breached this implied warranty by failing to sell a food product which could pass without objection in the trade, which was of fair average quality, which was fit for the ordinary purposes for which such food products are used, which was adequately contained, packaged, and labeled, or which failed to conform to the promises or affirmations of fact made on the container or label.

19.     Plaintiff suffered injury and damages as a direct and proximate result of Defendant's breach of its implied warranty of merchantability.

### Count 3: Negligence

20.     Plaintiff incorporates by reference paragraphs 1-19 herein.

21.     Defendant owed Plaintiff a duty of care in the manufacture, supply, packaging, distribution, and/or sale of its food product, which duty would have prevented or eliminated the risk that the food product would become contaminated with *Salmonella* or any other defective or unreasonably dangerous condition.

22.     Defendant breached this duty of care by failing to keep its food product free from contamination of *Salmonella* bacteria and by allowing said contaminated food product to be sold and consumed.

23.     Plaintiff suffered injury and damages as a direct and proximate result of Defendant's negligence.

### Count 4: Negligence *Per Se*

24.     Plaintiff incorporates by reference paragraphs 1-23 herein.

25.     Defendant owed Plaintiff a duty to comply with all applicable state and federal regulations concerning the manufacture, supply, packaging, distribution, and/or

sale of its food product, including but not limited to the requirements of the Federal Food, Drug, and Cosmetic Act set forth in 21 U.S.C. § 301 *et seq.*

26. Defendant breached its duty by manufacturing adulterated food and/or introducing or delivering for introduction adulterated food into interstate commerce.

27. Plaintiff suffered injury and damages as a direct and proximate result of Defendant's negligence *per se.*

### CLASS ALLEGATIONS

28. Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly situated pursuant to Rule 23, Mont. R. Civ. P.

29. The class is comprised of all Montana residents who consumed Thomson onions and suffered salmonella infection.

30. According to public reporting, the class is comprised of approximately 63 people. The class is so mumerous that joinder of all members is impracticable. The Complaint concerns common questions of law or fact common to the class. These include whether Defendant violated Montana law as described herein. The claims of Plaintiff are typical of those of the class. All of Plaintiff's claims are based upon the same factual and legal theories.

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interest antagonistic to those of the class. Plaintiff's counsel is competent and experienced in class action litigation.

32. Defendant has acted on grounds generally applicable to the class, thereby making final relief appropriate with respect to the class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request a judgment against Defendant as follows:

1. For certification of a class action seeking monetary damages.

2. For appointment of Plaintiff as class representative and her attorneys as class counsl.

3. For compensatory damages caused to Plaintiff and the class by Defendant in an amount to be proven at trial;

4. For costs, interest, and pre-judgment interest as determined by the Court; and

5. For any and all further legal or equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this matter.

Dated this 5th day of October, 2020.

              */s/John Heenan*
              John Heenan
              Attorneys for Plaintiff